# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA,<br><br>   Plaintiff,<br><br>  v.<br><br>SANTIESTEBAN, *et al.*,<br><br>   Defendants. | Case No. 1:20-cv-01093-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>(ECF Nos. 1, 6, 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I. Background**

  Plaintiff Mario A. Valenzuela ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

  On August 20, 2020, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendants Santiesteban, Rodriguez, and Alejo for excessive force in violation of the Eighth Amendment for the incident on June 22, 2019 and a cognizable claim against Defendant Perez for failing to protect against the alleged excessive force by Santiesteban, Rodriguez, and Alejo for the incident on June 22, 2019 in violation of the Eighth Amendment, but failed to state any other cognizable claims or properly joined claims against any other defendants. (ECF No. 6.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims

identified by the Court. (Id.) On September 29, 2020 Plaintiff notified the Court of his willingness to proceed on the cognizable claims identified by the Court. (ECF No. 9.)

## II.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### A.     Allegations in Complaint

Plaintiff is currently housed in High Desert State Prison, in Susanville, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison Corcoran in Corcoran, California. Plaintiff names as defendants (1) C. Santiesteban, Correctional Officer; (2) C. Gamboa, Correctional Officer; (3) A. Rodriguez, Correctional Officer; (4) D. Perez, Sergeant; (5) J. Alejo, Correctional Officer; (6) Gonzales, Correctional Officer; (7) Arden, Correctional Officer; (8) Delrosario, Correctional Officer; (9) Flores,

Correctional Officer; (10) Tapia, Correctional Officer; (11) Burns, Sergeant; (12) John Doe, Sergeant; (13) Randolph, Lieutenant; (14) John Doe, Lieutenant; (15) John Doe, Captain; and (16) Ken Clark, Warden.

In Claim I, Plaintiff alleges excessive force in violation of the Eighth Amendment. Plaintiff alleges that on June 5, 2019, Plaintiff was going to therapeutic group when Defendant Santiesteban tackled plaintiff to the floor, got on top of Plaintiff and punched him in the face until Plaintiff lost consciousness.

On June 22, 2019, Defendant Santiesteban was picking up Plaintiff's food tray, called Plaintiff a punk ass and sprayed Plaintiff with pepper spray when Plaintiff was handcuffed. Plaintiff was brought out of his cell, and Santiesteban and other officers were kicking Plaintiff and stomping on Plaintiff while on the floor and handcuffed.  After he was sprayed by Defendant Santiesteban, Defendant Rodriguez told Plaintiff to cuff up and kneel to put on the leg shackles and Plaintiff complied.  After that, Defendant Rodriguez put the leg irons around Plaintiff's neck and tried to strangle Plaintiff and dragged Plaintiff out of his cell to the tier.  Defendant Rodriguez started to stomp on Plaintiff and kick Plaintiff along with other officers.  Defendant Alejo with other officers joined in kicking and stomping on Plaintiff in front of his cell.  While Plaintiff was being assaulted in front of his cell, Sergeant Perez just stood there and allowed the officers to assault Plaintiff.  Sergeant Perez threatened Plaintiff that if Plaintiff did not refuse to go to CTC for medical attention, when Plaintiff got back that things were going to get worse. Plaintiff went to the hospital.

On June 22, 2019, Plaintiff was assaulted by Defendant Gamboa and other officers who stomped Plaintiff, punched Plaintiff by the Rotunda.  Gamboa tried to erase the evidence by mopping off the pile of blood before the investigation and pictures were taken.

On July 2, 2019, Plaintiff was getting assaulted by Gamboa and Arden in his cell, and Sergeant Burns just stood right next to them and allowed the assault to happen.  Plaintiff told them he was going to write them up for the incident.  Once Plaintiff said he was going to write them up, Sergeant Burns took Plaintiff's radio and threatened Plaintiff.  Defendant Sergeant John Doe, Defendant Lieutenant John Doe, and Defendant Captain John Doe were responsible for

3

supervising the officers who keep assaulting Plaintiff and did nothing to protect Plaintiff. Defendant Randolph is responsible for these officers and did nothing despite Plaintiff's grievances.

On October 27, 2019, Plaintiff was assaulted by Defendant Gonzalez and Delrosario. They ran into his cell and started to assault Plaintiff by punching Plaintiff until he hit the back wall.

On November 14, 2019, Plaintiff was assaulted by Santiesteban and other officers. Defendant Santiesteban was holding Plaintiff by the legs while the other officers kicked Plaintiff and punched Plaintiff while Plaintiff was on the floor and handcuffed.

On November 14, 2019, Plaintiff was assaulted by Defendant Flores who kicked and stomped Plaintiff while Plaintiff was in the floor and in handcuffs, along with other officers.

On November 14, 2019, Plaintiff was assaulted by Defendant Gamboa, along with other officers in Plaintiff's cell. He dropped Plaintiff in Plaintiff's cell and punched and hit Plaintiff with a baton while Plaintiff was in handcuffs in the presence of the sergeant.

As a result of these incidents, Plaintiff was in the hospital and suffers from headaches, back problems and is losing sight in his left eye. He had mental anguish and nightmares.

In Claim II, Plaintiff alleges sexual harassment in violation of the Eighth Amendment. On July 2, 2019, Defendant Arden tripped Plaintiff and Plaintiff fell to the floor in handcuffs. Defendant Arden then tried to shove the backside of his baton up Plaintiff's rectum through his clothing. Defendant Gamboa then tried to shove the thin part of his baton up Plaintiff's rectum through Plaintiff's clothes while he was on the floor in handcuffs.

On November 14, 2019, Plaintiff was on his way to the yard, when he was stopped at the metal detector to be wanded. Defendant Burns started to touch Plaintiff's penis through the clothing and then undid the string of Plaintiff's sweatpants and pulled the seat pants and boxers down to look at Plaintiff's private parts and did the same to his look at Plaintiff bare bottom.

Plaintiff suffered mental anguish and anxiety. Plaintiff requests compensatory damages and punitive damages.

///

**B.     Discussion**

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20.

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57.

Plaintiff's complaint is a relatively short and plain statement of his claims. But Plaintiff's complaint improperly reads like a laundry list of several incidents that have occurred while he has been housed at Corcoran. Plaintiff's complaint also improperly lumps certain defendants, as "other officers," together or merely recite the elements of a claim without supporting factual allegations.

**2.     Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As a basic matter, Plaintiff's complaint may not include a laundry list of multiple unrelated incidents while he was housed at Corcoran. His complaint may not include unrelated

claims against defendants at the same facility involving separate, unrelated events. He may not maintain claims for unrelated events of June 6, June 22, July 2, October 24 or November 14, or any other date, in the same action, even though they may involve some of the same defendants. Separate incidents belong in separate lawsuits.

### 3. Linkage Requirement and Supervisory Liability

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's complaint does not include allegations linking Warden Clark or Defendant Tapia, and possibly others, to any constitutional violation. Plaintiff must name individual defendants and allege what each defendant did or did not do that resulted in a violation of his constitutional rights.

To the extent that Plaintiff seeks to hold Defendant Clark, or any other supervisor, liable based solely upon his supervisory role as Warden, or other supervisory position, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has not alleged any facts that Defendant Clark instituted a policy so deficient that the policy itself was a repudiation of his constitutional rights.

"A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates[.]" Starr, 652 F.3d at 1208. However, a failure to train theory can be the basis for a supervisor's liability in only limited circumstances, such as where the failure amounts to deliberate indifference to the rights of persons with whom the subordinates are likely to come into contact. See Canell v. Lightner, 143 F.3d 1210, 1213–14 (9th Cir. 1998). To impose liability under a failure to train theory, a plaintiff must demonstrate the subordinate's training was inadequate, the inadequate training was a deliberate choice on the part of the supervisor, and the inadequate training caused a constitutional violation. Id. at 1214; see also City of Canton, Ohio v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 61 (2011) (citation omitted).

### 4. Eighth Amendment

#### a. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992)

(citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'"  Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. See Whitley, 475 U.S. at 321–22.

June 5, 2019 Incident

Plaintiff alleges that Defendant Santiesteban tackled Plaintiff to the floor, got on top of Plaintiff and punched him in the face until Plaintiff lost consciousness.  Plaintiff fails to state a cognizable claim.  Plaintiff fails to state sufficient facts of whether there was a need for an application of force, whether there was threat 'reasonably perceived by the responsible officials,' and any efforts made to temper the severity of a forceful response.  As pled, this claim is not properly joined pursuant to Federal Rule of Civil Procedure 18.

June 22, 2019 Incident

Plaintiff states a cognizable claim against Defendants Santiesteban, Rodriguez, and Alejo for excessive force in violation of the Eighth Amendment.

However, it is unclear whether the June 22 incident involving Defendant Gamboa is one-and-the-same as the incident with Santiesteban, Rodriguez, and Alejo or if it occurred later in time on June 22.  Nonetheless, Plaintiff fails to state a cognizable claim against Defendant Gamboa.  Plaintiff fails to state sufficient facts of whether there was a need for an application of force, whether there was threat 'reasonably perceived by the responsible officials,' and any efforts made to temper the severity of a forceful response.  As pled, Plaintiff's claim against Defendant

8

1   Gamboa is not properly joined pursuant to Federal Rule of Civil Procedure 18.

2   <u>July 2, 2019 Incident</u>

3   Plaintiff fails to state a cognizable claim against Defendants Gamboa and Arden for
4   excessive force.  Plaintiff's conclusory allegations that he was "assaulted" are insufficient.
5   Plaintiff fails to state sufficient facts of whether there was a need for an application of force,
6   whether there was threat 'reasonably perceived by the responsible officials,' and any efforts made
7   to temper the severity of a forceful response.  As pled, this claim is not properly joined pursuant
8   to Federal Rule of Civil Procedure 18.

9   <u>October 27, 2019 Incident</u>

10   Plaintiff fails to state a cognizable claim against Defendant Gonzales and Delrosario for
11   excessive force.  Plaintiff's conclusory allegations that he was "assaulted" are insufficient.
12   Plaintiff fails to state sufficient facts of whether there was a need for an application of force,
13   whether there was threat 'reasonably perceived by the responsible officials,' and any efforts made
14   to temper the severity of a forceful response.  As plead, this claim is not properly joined pursuant
15   to Federal Rule of Civil Procedure 18.

16   <u>November 14, 2019 Incident</u>

17   Plaintiff may be able to state a cognizable claim against Defendant Gamboa and Flores for
18   excessive force, but fails to state a cognizable claim against any other officer.  This claim,
19   however, is improperly joined with other unrelated claims in violation of Federal Rule of Civil
20   Procedure 18.

21                          **b.       Sexual Assault**

22   "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the
23   Eighth Amendment."  <u>Wood v. Beauclair</u>, 692 F.3d 1041, 1046 (9th Cir. 2012) (citing <u>Schwenk</u>
24   <u>v. Hartford</u>, 204 F.3d 1187, 1197 (9th Cir. 2000)).  "In the simplest and most absolute of
25   terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual
26   abuse . . . ."  <u>Schwenk</u>, 204 F.3d at 1197.  "In evaluating a prisoner's claim, courts consider
27   whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged
28   wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  <u>Wood</u>, 692

F.3d at 1046. "[A] prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." Bearchild v. Cobban, 947 F.3d 1130, 1144 (9th Cir. 2020). There are occasions when legitimate penological concerns require invasive searches, and the courts owe prison staff deference because of prisons' "unique security concerns." Id. at 1145. Thus, when the assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." Id.; see Palmer v. O'Connor, No. 2:11–CV– 2927–KJN (P), 2013 WL 1326207, at *4 (E.D. Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.'").

July 2, 2019 Incident

Plaintiff states a cognizable claim against Defendant Arden and Gamboa for the insertion of their batons in Plaintiff's rectum. This claim, however, is improperly joined with other unrelated claims in violation of Federal Rule of Civil Procedure 18. As pled, this claim is not properly joined pursuant to Federal Rule of Civil Procedure 18. Separate unrelated claims must be filed in separate lawsuits.

November 14, 2019 Incident

Plaintiff has failed to demonstrate that the Defendants actions were in violation of the Eighth Amendment. As an initial matter, Defendants had a legitimate penological interest to conduct a visual strip search of Plaintiff as it occurred before Plaintiff's release to yard. Plaintiff alleges that Defendant Burns touched Plaintiff's penis through his clothes as part of the search and also removed Plaintiff's sweatpants and boxers to do a visual search. Plaintiff has failed to present sufficient factual allegations that the visual strip search, with minimal physical touching, as exceeded the scope of what was required to satisfy whatever institutional concern justified the

initiation of the search. Defendant had a legitimate penological reason for the visual search and minimal touching as part of the search and Plaintiff has not alleged facts that the search exceeded appropriate penological bounds. See Bearchild, 947 F.3d at 1144–45 ("[T]here are occasions when legitimate penological objectives within a prison setting require invasive searches."); Grummet v. Rushen, 779 F.2d 491, 495 (9th Cir. 1985) ("[R]outine pat-down searches, which include the groin area, and which are otherwise justified by security needs, do not violate" the Constitution). Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference under the Eighth Amendment.

This claim, nonetheless, is improperly joined with other unrelated claims in violation of Federal Rule of Civil Procedure 18. As pled, this claim is not properly joined pursuant to Federal Rule of Civil Procedure 18. Separate unrelated claims must be filed in separate lawsuits.

### c.  Failure to Protect

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

June 22 Incident against Defendant Perez

Plaintiff states a cognizable claim against Defendant Perez for failing to protect against the alleged use of excessive force by Santiesteban, Rodriguez, and Alejo on June 22, 2019.

<u>July 2, 2019 Incident against Defendant Burns</u>

Plaintiff fails to state a cognizable claim against Defendant Burns for failure to protect, as Plaintiff has not alleged a cognizable excessive force clam against Gamboa and Arden.

### 5. Deprivation of Property

Plaintiff alleges that Defendant Burns took Plaintiff's radio.

The Due Process Clause protects prisoners from being deprived of property without due process of law, <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. <u>Hudson v. Palmer</u>, 468 U.S. 517, 532 & n.13 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435–36 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." <u>Hudson</u>, 468 U.S. at 533. And, "California law provides an adequate post-deprivation remedy for any property deprivations." <u>Barnett v. Centoni</u>, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Additionally, "the Due Process Clause is [ ] not implicated by a negligent act of an official causing unintended loss of or injury to . . . property." <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986).

Plaintiff appears to be alleging an unauthorized intentional deprivation of his radio. There are no allegations suggesting that his property was taken pursuant to an established state procedure. As California law provides an adequate post-deprivation remedy, Plaintiff has failed to state a claim under the Due Process Clause for deprivation of his property.

### 6. First Amendment – Retaliation

Plaintiff alleges that he was threatened and his radio taken when he told Defendant Gamboa and Arden that he would write them up for the assault on July 2, 2019. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1104 (9th Cir. 2011);

Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114–15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

As currently pled, Plaintiff's complaint improperly violates the joinder requirements of Federal Rules of Civil Procedure 18 and 20. Of importance, the Court notes that the bulk of Plaintiff's allegations concerning instances of alleged retaliation are conclusory in nature, lacking sufficient factual matter to state a plausible claim for relief. Critically, Plaintiff's allegations do not demonstrate that actions taken by defendant in any way chilled the exercise of his First Amendment rights.

### III.  Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendants Santiesteban, Rodriguez, and Alejo for excessive force in violation of the Eighth Amendment for the incident on June 22, 2019 and a cognizable claim against Defendant Perez for failing to protect against the alleged excessive force by Santiesteban, Rodriguez, and Alejo for the incident on June 22, 2019, in violation of the Eighth Amendment.

However, Plaintiff's complaint fails to state any other cognizable claims for relief, or the claims are improperly joined with other unrelated claims in violation of Federal Rule of Civil Procedure 18.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

///

///

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed August 6, 2020, (ECF No. 1), against Defendants Santiesteban, Rodriguez, and Alejo for excessive force in violation of the Eighth Amendment and Defendant Perez for failure to protect in violation of the Eighth Amendment arising from the incident on June 22, 2019;
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted or failure to properly join claims pursuant to Federal Rule of Civil Procedure 18.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 1, 2020**         /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE