# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA,<br><br>             Plaintiff,<br><br>     v.<br><br>SANTIESTEBAN, *et al.*,<br><br>             Defendants. | Case No.  1:20-cv-01093-NONE-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 19) |

Plaintiff Mario A. Valenzuela ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's renewed motion to appoint counsel, filed November 19, 2020.  (ECF No. 19.)  In his motion, Plaintiff states that he is requesting appointment of counsel because it is impossible to get access to the law library and he is currently part of the mental health system at the level of CCCMS.  Plaintiff also received special education in the past, and it is impossible for him to understand the law.  (Id.)

As Plaintiff has been informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* almost daily.  Many of these prisoners also have limited education and receive mental health treatment.  These litigants also must conduct legal research and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint has been screened and found to state some cognizable claims, this does not alone indicate a likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Accordingly, Plaintiff's renewed motion to appoint counsel, (ECF No. 19), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 20, 2020**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE