**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTIESTEBAN, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-01093-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 25) |

Plaintiff Mario A. Valenzuela ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Santiesteban, Rodriguez, and Alejo for excessive force in violation of the Eighth Amendment and against Defendant Perez for failure to protect in violation of the Eighth Amendment, arising from the incident on June 22, 2019. This case is currently set for a video settlement conference before Magistrate Judge Boone on March 25, 2021 at 10:00 a.m. (ECF No. 24.)

Currently before the Court is Plaintiff's motion requesting appointment of counsel, filed February 4, 2021. (ECF No. 25.) Plaintiff states that he has a mental illness, is a participant of the mental health program at his institution, and has required special education in the past at school. Plaintiff states that he is illiterate of the law and due to COVID-19 it is difficult to get access to the law library. Plaintiff explains that he has been found mentally incompetent to stand

trial in 2017 and referred to the state hospital as well.  (Id.)  Defendants have not had the opportunity to respond to the motion, but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).  The Court has considered Plaintiff's request, though he does not provide any basis for such request, and does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners, with limited education and suffering from mental illnesses, who are proceeding *pro se* almost daily.  These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.  Many of them also represent themselves at settlement conferences to resolve their cases.

Furthermore, based on the record in this case, the Court finds that Plaintiff has demonstrated that he is able to clearly articulate his claims and prosecute this action.  See Miller v. McDaniel, 124 F. App'x 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because the plaintiff demonstrated an ability to articulate his claims *pro se*).

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 25), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 9, 2021**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE