# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTIESTEBAN, *et al.*,<br><br>    Defendants. | Case No.  1:20-cv-01093-JLT-BAM (PC)<br><br>ORDER STRIKING FILINGS FOR LACK OF PARTY OR ATTORNEY SIGNATURE<br><br>(ECF Nos. 69, 70) |

Plaintiff Mario A. Valenzuela ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Santiesteban, Rodriguez, and Alejo for excessive force in violation of the Eighth Amendment and against Defendant Perez for failure to protect in violation of the Eighth Amendment, arising from the incident on June 22, 2019.

On April 9, 2021, the Court granted Defendants' motion to stay this civil action until Plaintiff's criminal charges in Kings County Superior Court, case number 20CM-1621, arising from the same June 22, 2019 incident involved in this action, are resolved.  (ECF No. 38.) Defendants were directed to file a status report within ninety (90) days from the date of service of that order, and every sixty (60) days thereafter, addressing the status of the criminal proceedings until they are resolved.  (*Id.* at 6.)  On September 20, 2021, the Court directed Defendants to continue filing status reports every ninety days, rather than every sixty days.  (ECF No. 45.)

Defendants' most recent status report was filed on November 27, 2024. (ECF No. 68.) The status report indicates that Plaintiff's jury trial in his criminal case concluded on November 12, 2024, Plaintiff was found guilty of battery on a non-confined person by a prisoner in violation of PC 4501.5, and Plaintiff's sentencing hearing is set for January 10, 2025. (*Id.*)

On December 9, 2024, the Court received a "Notice to Lift Stay of Proceedings" and "Motion for Summary Judgment and/or Partial Judgment," both purportedly filed by Plaintiff. (ECF Nos. 69, 70.) However, upon review of the filings, the Court concludes that the documents have not been signed by Plaintiff. As Plaintiff is not represented by an attorney of record, both the Federal Rules of Civil Procedure and this Court's Local Rules require that all filed pleadings, motions and papers be signed by Plaintiff personally. Fed. R. Civ. P. 11(a); Local Rule 131(b).

Although both filings include Plaintiff's name, the purported signatures do not match Plaintiff's signatures from any previous filings submitted in this action. (*Compare* ECF Nos. 69, p. 1; 70, p. 7 *with* ECF Nos. 1, p. 11; 2, pp. 2–3; 7, pp. 1–2; 9; 12, p. 2; 16; 19, p. 2; 25, p. 2; 39; 46.) As the filings are not signed by Plaintiff, the Court must strike them from the record. Plaintiff is cautioned that **all future filings must include Plaintiff's own signature**, and any motion or filing that does not contain his signature will also be stricken from the record.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The December 9, 2024 notice to lift stay of proceedings, (ECF No. 69), is STRICKEN from the record for lack of signature; and
2. The December 9, 2024 motion for summary judgment, (ECF No. 70), is STRICKEN from the record for lack of signature.

IT IS SO ORDERED.

Dated:   **January 8, 2025**             /s/ *Barbara A. McAuliffe*             
                                                           UNITED STATES MAGISTRATE JUDGE

2