# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTIESTEBAN, *et al.*,<br><br>    Defendants. | Case No. 1:20-cv-01093-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br>(ECF No. 76)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE AMENDED COMPLAINT LODGED ON APRIL 8, 2025 AS FIRST AMENDED COMPLAINT<br>(ECF No. 30, pp. 4–10) |

Plaintiff Mario A. Valenzuela ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Santiesteban, Rodriguez, and Alejo for excessive force in violation of the Eighth Amendment and against Defendant Perez for failure to protect in violation of the Eighth Amendment, arising from the incident on June 22, 2019.

Pursuant to the Court's March 4, 2025 amended discovery and scheduling order, the deadline for all stipulated amendments or motions to amend shall be filed by June 2, 2025. (ECF No. 74.)

Currently before the Court is Plaintiff's motion for leave to file an amended complaint and proposed first amended complaint, filed April 8, 2025. (ECF No. 76.) Plaintiff states that the

1

1  request is made to clarify legal and factual allegations, incorporate newly discovered evidence,
2  and ensure a full and fair adjudication of the claims before the Court.  Plaintiff states that
3  although the Court issued findings and recommendations on his original complaint on October 1,
4  2020, no final order has been entered and therefore Plaintiff maintains the right to seek
5  amendment of his pleadings.[1]  In light of newly identified evidence and additional parties with
6  direct involvement in the alleged misconduct, justice necessitates that Plaintiff be granted leave to
7  amend.  Plaintiff has identified additional parties who were involved in the alleged conduct but
8  were not previously named due to not knowing who they were, as Plaintiff had never seen them
9  before, and Plaintiff suffered from a lack of access to records and discovery constraints.  (*Id.*)

10  Defendants did not file a response or other opposition, and the deadline to do so has
11  expired.  The motion is deemed submitted.  Local Rule 230(l).

12  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
13  pleading once as a matter of course at any time before a responsive pleading is served.
14  Otherwise, a party may amend only by leave of the court or by written consent of the adverse
15  party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)
16  is very liberal and leave to amend shall be freely given when justice so requires."
17  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and
18  quotation omitted).  However, courts "need not grant leave to amend where the amendment:
19  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in
20  litigation; or (4) is futile."  *Id.*

21  As Defendants have filed an answer in this action, Plaintiff may amend only by written
22  consent of Defendants or by leave of Court.  In considering the relevant factors, the Court finds
23  no evidence of prejudice, bad faith, undue delay in litigation, or futility.  Plaintiff states that he is
24  adding additional defendants who were previously unknown to him.  However, a review of the
25  proposed first amended complaint reveals that the only additional defendant is Officer Gamboa,
26  who was named in the original complaint, and the proposed first amended complaint omits

---

[1] The Court notes that an order adopting the findings and recommendations was issued by the then-assigned District Judge on October 21, 2020.  (ECF No. 13.)  However, Plaintiff is correct that pursuant to the Court's March 4, 2025 amended discovery and scheduling order, he remains entitled to seek amendment of his pleadings.  (ECF No. 74.)

Defendant Alejo entirely. The remaining factual allegations largely comport with those set forth in the original complaint regarding the incident at issue. In light of these findings, and Defendants' waiver of any opposition,[2] Plaintiff's motion to amend shall be granted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to file amended complaint, (ECF No. 76), is GRANTED;
2. The Clerk of the Court is DIRECTED to file the amended complaint lodged on April 8, 2025, (ECF No. 76, pp. 4–10), as the first amended complaint, as of the date of the instant order; and
3. Plaintiff's first amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **May 15, 2025**              /s/ Barbara A. McAuliffe            _
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Pursuant to the Court's March 4, 2025 amended discovery and scheduling order, "Unless otherwise ordered, all . . . motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59 and 60 . . . shall be briefed pursuant to Local Rule 230(l). Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion. L.R. 230(l)." (ECF No. 74, p. 3.)

3