# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA, | Case No. 1:20-cv-01093-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| SANTIESTEBAN, *et al.*, | (ECF No. 78) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

**I.     Procedural Background**

Plaintiff Mario A. Valenzuela ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Santiesteban, Rodriguez, and Alejo for excessive force in violation of the Eighth Amendment and against Defendant Perez for failure to protect in violation of the Eighth Amendment, all arising from the incident on June 22, 2019.

On May 16, 2025, the Court granted Plaintiff's unopposed motion for leave to file a first amended complaint.  (ECF No. 77.)  Plaintiff's first amended complaint is currently before the Court for screening.  (ECF No. 78.)

**II.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.     Allegations in First Amended Complaint**

Plaintiff is currently housed at California State Prison – Corcoran in Corcoran, California ("CSP – Corcoran"), where the events in the first amended complaint are alleged to have occurred.  Plaintiff names the following defendants: (1) Officer Santiesteban; (2) Officer Gamboa; (3) Officer Rodriguez; and (4) Sergeant Perez.  All defendants are employees of CSP – Corcoran.

On June 22, 2019, after Plaintiff was already under restraints on his knees, Defendant Rodriguez used the mechanical leg chains to strangle Plaintiff by wrapping them around Plaintiff's neck and dragging Plaintiff to the tier.  While Plaintiff had the leg irons around his neck, Defendant Rodriguez continued to assault Plaintiff by kicking and punching Plaintiff, along with Defendants Gamboa and Santiesteban.  Defendants Gamboa and Santiesteban later continued to assault Plaintiff under the rotunda after Plaintiff was medically evaluated.

1  While Plaintiff was waiting for the ambulance and handcuffed, Defendant Gamboa pulled
2  Plaintiff's arms upwards and started to punch Plaintiff on the ribs, along with Defendant
3  Rodriguez.  Defendant Santiesteban, acting in concert with the other defendants, kicked and
4  punched Plaintiff repeatedly while he was restrained, causing several injuries and a concussion.

5  Defendant Sergeant Perez, who just stood on the side while Defendants were assaulting
6  Plaintiff and refused to follow his sworn duty to protect, threatened Plaintiff with further assaults
7  if Plaintiff refused to get on the ambulance.  Plaintiff was waiting for the ambulance to take him
8  to CTC for further medical care as a result of the assault and Plaintiff losing consciousness and
9  his concussion.

10 As a result of this attack, Plaintiff suffered several physical injuries, including the loss of
11 his hearing, contusions, and neurological trauma, requiring medical treatment and the need for
12 hearing aids due to Plaintiff's loss of hearing in both ears.

13 Despite Plaintiff's visible injuries, Defendants failed to provide or facilitate medical care.
14 Plaintiff filed grievances regarding the incident, but prison officials either ignored or dismissed
15 them without proper investigation.

16 Plaintiff requests that the Court declare that Defendants' actions violated Plaintiff's rights
17 under the Eighth Amendment, award compensatory and punitive damages, and grant such other
18 and further relief as the Court deems just and proper.

19 **B.    Discussion**

20 **1.    Linkage and Defendant Alejo**

21 The Civil Rights Act under which this action was filed provides:

22 Every person who, under color of [state law] . . . subjects, or causes to be
   subjected, any citizen of the United States . . . to the deprivation of any rights,
23 privileges, or immunities secured by the Constitution . . . shall be liable to the
   party injured in an action at law, suit in equity, or other proper proceeding for
24 redress.

25 42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between
26 the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See*
27 *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The
28 Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional

3

1   right, within the meaning of section 1983, if he does an affirmative act, participates in another's
2   affirmative acts or omits to perform an act which he is legally required to do that causes the
3   deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).
4         Although the original complaint was found to state a cognizable claim against Defendant
5   Alejo, (ECF Nos. 11, 13), Plaintiff has not named Defendant Alejo as a party or included
6   Defendant Alejo in any of the allegations in the first amended complaint.  The Court therefore
7   finds that Plaintiff has failed to link Defendant Alejo to any wrongful conduct and has elected to
8   dismiss Defendant Alejo from this action.

         **2.**      **Eighth Amendment**

10       The Eighth Amendment protects prisoners from inhumane methods of punishment and
11  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
12  2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual
13  Punishments Clause of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)
14  (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must
15  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
16  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

17                       a.      <u>Excessive Force</u>

18       For claims of excessive physical force, the issue is "whether force was applied in a good-
19  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."
20  *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,]
21  the need for application of force, the relationship between that need and the amount of force used,
22  the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the
23  severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).
24  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use
25  of force to cause harm always violates the Eighth Amendment, regardless of whether or not
26  significant injury is evident.  *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th
27  Cir. 2002).
28  ///

Plaintiff states a cognizable claim for excessive force against Defendants Santiesteban, Rodriguez, and Gamboa for the June 22, 2019 incident.

b. Deliberate Indifference to Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff fails to state a cognizable claim for deliberate indifference to medical care against any defendant. Plaintiff states in the first amended complaint that despite his visible injuries, Defendants failed to provide or facilitate medical care following the assault. (ECF No. 78, p. 5, 6.) However, Plaintiff also alleges that the assault occurred while Plaintiff was awaiting transportation by ambulance to CTC "for further medical care, as the result of the assault and

5

1  Plaintiff losing consciousness[.]" (*Id.* at 4.)  Furthermore, Plaintiff's original complaint alleges

2  that following the June 22, 2019 assault, he was transported to the hospital with a concussion.

3  (ECF No. 1, p. 6.)  Thus, it appears Plaintiff did receive medical care following the June 22, 2019

4  assault.

                c.        Failure to Protect

6        Prison officials have a duty under the Eighth Amendment to protect prisoners from

7  violence at the hands of other prisoners or others because being violently assaulted in prison is

8  simply not part of the penalty that criminal offenders pay for their offenses against society.

9  *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir.2009); *Hearns v.*

10 *Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  However, prison officials are liable under the

11 Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a

12 substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference

13 occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious

14 harm.  *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

15       Plaintiff states a cognizable claim against Defendant Perez for failing to protect against

16 the alleged excessive force by Defendants Santiesteban, Rodriguez, and Gamboa on June 22,

17 2019.

                **3.**        **Declaratory Relief**

19       To the extent Plaintiff seeks a declaratory judgment, it is unnecessary.  "A declaratory

20 judgment, like other forms of equitable relief, should be granted only as a matter of judicial

21 discretion, exercised in the public interest."  *Eccles v. Peoples Bank of Lakewood Village*, 333

22 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

23 purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and

24 afford relief from the uncertainty and controversy faced by the parties."  *United States v.*

25 *Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  If this action reaches trial and the jury returns

26 a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional

27 rights were violated.  Accordingly, a declaration that any defendant violated Plaintiff's rights is

28 unnecessary.

**III.   Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint states cognizable claims against Defendants Santiesteban, Rodriguez, and Gamboa for excessive force in violation of the Eighth Amendment for the incident on June 22, 2019, and against Defendant Perez for failure to protect against the alleged excessive force by Defendants Santiesteban, Rodriguez, and Gamboa for the incident on June 22, 2019, in violation of the Eighth Amendment. However, Plaintiff's first amended complaint fails to state any other cognizable claims against any other defendants.

Accordingly, is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed May 16, 2025, (ECF No. 78), against:

    a. Defendants Santiesteban, Rodriguez, and Gamboa for excessive force in violation of the Eighth Amendment for the incident on June 22, 2019; and

    b. Defendant Perez for failure to protect against the alleged excessive force by Defendants Santiesteban, Rodriguez, and Gamboa for the incident on June 22, 2019, in violation of the Eighth Amendment; and

2. All other claims and defendants, including Defendant Alejo, be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 27, 2025**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE