# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. VALENZUELA, | Case No.  1:20-cv-01093-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER |
| v. | |
| SANTIESTEBAN, *et al.*, | (ECF No. 95) |
| Defendants. | |

### I.    Background

Plaintiff Mario A. Valenzuela ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Santiesteban, Rodriguez, and Gamboa for excessive force in violation of the Eighth Amendment for the incident on June 22, 2019; and (2) Defendant Perez for failure to protect against the alleged excessive force for the incident on June 22, 2019, in violation of the Eighth Amendment.

On March 4, 2025, the Court issued an amended discovery and scheduling order, which set the deadline for completion of all discovery as October 29, 2025. (ECF No. 74.)  On October 2, 2025, the Court extended the application of the discovery and scheduling order to Defendant Gamboa and extended the deadline for completion of all discovery to March 31, 2026.  (ECF No. 90.)

1

Currently before the Court is Plaintiff's motion to modify the discovery and scheduling order, filed April 7, 2026.[1] (ECF No. 95.) Defendants filed an opposition on April 20, 2026. (ECF No. 97.) Plaintiff has not filed a reply, and the deadline to do so has expired. The motion is deemed submitted. Local Rule 230(l).

### II.    Legal Standard

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986). Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem*, No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'").

The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson*, 975 F.2d at 608-609). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. If the party was not diligent, then the inquiry should end. *Id.*

---

[1] Plaintiff's motion was entered on the Court's docket on April 7, 2026, after the close of discovery. However, pursuant to the prison mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions). The proof of service attached to Plaintiff's motion is dated March 30, 2026, one day prior to the close of discovery.

### III.   Discussion

In his motion, Plaintiff requests an additional 60 days to complete discovery, extending the current discovery cutoff from March 31, 2026, to May 31, 2026 (a Sunday).  (ECF No. 95.) Plaintiff contends that due to health issues and an institutional lockdown, he was unable to get access to the law library.  He states that he had H. Pylori and is still having health issues.  (*Id.*)

In opposition, Defendants contend that Plaintiff fails to provide good cause for modification of the discovery and scheduling order.  (ECF No. 97.)  Defendants argue that other than his general contention that an institutional lockdown and health issues justify extending discovery, Plaintiff has neither specified what additional discovery he seeks nor adequately explained why he could not complete discovery before the deadline.  (*Id.* at 1.)  Defendants further argue that Plaintiff does not explain how he was diligent during the year-long period between the Court's March 2025 scheduling order and the March 31, 2026 discovery deadline. (*Id.* at 3.)  Defendants point out that Plaintiff provides no dates regarding the lockdown period or his medical illness to show how they prevented him from conducting timely discovery.  (*Id.*) Defendants report that institutional lockdowns were in place for two separatee months during the discovery period, the library has been open since March 18, 2026, and despite restrictions on law library access during lockdowns, Plaintiff could have accessed the library via mail at all times. (*Id.*)  However, Plaintiff only accessed the library once during the discovery period during the first lockdown on October 6, 2025.  (*Id.*)  Defendants argue that Plaintiff fails to explain why he could not conduct discovery during the time outside the lockdown periods or through alternative methods when the library was closed.  (*Id.* at 4.)  Defendants note that Plaintiff waited until the day before the discovery deadline to seek an extension and that he does not explain why he failed to request modification of the scheduling order when the need became apparent.

To support their motion, Defendants submit the declaration of the Librarian at California State Prison, Sacramento ("CSP-SAC").  (ECF No. 97-1, Declaration of W. Bates ("Bates Decl.".)  The Librarian declares that CSP-SAC was placed on modified program from November 11, 2025, to December 4, 2025, and from February 26, 2026, to March 18, 2026, which restricted physical access to the library, with certain exceptions.  However, during lockdowns, incarcerated

persons could still access the library via institutional mail at any time.  (Bates Decl. ¶ 3.)  The Librarian further declares that Plaintiff transferred to CSP-SAC on September 24, 2025, and was housed in Facility A until he transferred to Facility B on October 9, 2025.  (*Id.* ¶ 4.)  While at CSP-SAC, Plaintiff accessed the Facility A library once on October 6, 2025, but neither the Facility A nor B library received any mail from Plaintiff during the modified programs.  (*Id.*)  Plaintiff also did not access the library any time the restriction was lifted.  (*Id.*)

Having considered Plaintiff's motion and Defendants' opposition, the Court finds that Plaintiff has not established good cause to modify the discovery and scheduling order to extend the discovery deadline.  Fed. R. Civ. P. 16(b)(4).  Plaintiff has not detailed his efforts to engage in discovery thus far, nor has he identified what discovery he seeks.  Plaintiff also has not adequately explained why he has been unable to complete discovery during the period from March 4, 2025, and March 31, 2026.  Although Plaintiff references an institutional lockdown and health issues, he has not explained how those issues prevented him from accessing the law library, which was available even during lockdowns via institutional mail.  The Court therefore finds that Plaintiff has not demonstrated the requisite diligence to support modification of the discovery and scheduling order.  Plaintiff also has failed to explain why he did not file his request for an extension of time until the day before the discovery deadline.

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's motion to modify the discovery and scheduling order, (ECF No. 95), is DENIED.

IT IS SO ORDERED.

Dated:    **May 25, 2026**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE